**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:          Landon Omodia v. The State of Texas

Appellate case number:        01-16-00326-CR
                              01-16-00327-CR
                              01-16-00328-CR
                              01-16-00329-CR

Trial court case number:      1394248
                              1394249
                              1398656
                              1418622

Trial court:                  339th District Court of Harris County

The Clerk of the Court has examined the clerk's records in these appeals and found that they do not comport with the Texas Rules of Appellate Procedure because the certifications of appellant's right to appeal are defective. *See* TEX. R. APP. P. 25.2(d), 37.1. Without agreed recommendations as to punishment, appellant, Landon Omodia, pleaded guilty to three felony offenses of aggravated robbery with a deadly weapon and the state-jail-felony offense of criminally negligent homicide. In each case, the trial court executed a certification of appellant's right to appeal, stating that this "is a plea-bargain case, and the defendant has NO right of appeal." The records contradict the certifications. *See* TEX. R. APP. P. 25.2(a)(2) (stating plea-bargain case is "case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant"). This order constitutes notice to all parties of the defective certifications. *See* TEX. R. APP. P. 37.1.

Further, appointed counsel represented appellant in the trial court. In each case, appointed trial counsel timely filed a notice of appeal, which included his motion to withdraw and appellant's request for appointment of appellate counsel. The trial court granted trial counsel's motions and found that appellant is indigent for the purpose of employing counsel and paying for the clerk's records and the reporter's records. And the trial court granted appellant's motions to appoint appellate counsel but did not appoint an

attorney to represent appellant on appeal. The appellate records are complete, appellant's briefs are past due, and no attorney has appeared in this Court on appellant's behalf.

We therefore abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant shall be present. If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[1]

We direct the trial court, in each case, to:

1) execute a certification of appellant's right to appeal indicating whether or not he has the right of appeal;
2) determine whether appellant still wishes to pursue the appeal;
3) having already determined that appellant is indigent, appoint appellate counsel at no expense to appellant; and.
4) make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1) (Vernon Supp. 2015) (providing indigent defendant has right to appointed counsel); TEX. R. APP. P. 25.2(d) (providing record must include the trial court's certification of defendant's right to appeal).

The trial court shall have a court reporter, or court recorder, record the hearing. In each case, the trial court clerk is directed to file a supplemental clerk's record containing the certification of defendant's right of appeal, the trial court's orders, and any findings or recommendations with this Court within 30 days of the date of this order. And in each case, the court reporter is directed to file the reporter's record of the hearing within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeals are abated, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

---

[1] On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

It is so ORDERED.

Judge's signature: /s/ <u>Terry Jennings</u>
                                ☒  Acting individually    ☐  Acting for the Court

Date:  August 11, 2016